UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES RICHARD MASON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-475 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS HABEAS PETITION

Petitioner is a state prisoner currently incarcerated at the Price Daniel Unit in Snyder, TX. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2012 Nueces County burglary conviction. (D.E. 1). For the reasons stated herein, it is respectfully recommended that this action be summarily **DISMISSED** as time barred and/or as unexhausted. It is further recommended that a Certificate of Appealability be **DENIED**.

### I. JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas. (D.E. 1). Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

Petitioner, after pleading guilty, was convicted of burglary of a habitation in the 347th Judicial District Court of Nueces County, Texas on July 26, 2012, and sentenced to 22 years imprisonment. (D.E. 1, Page 2). Petitioner neither filed a direct appeal nor filed a state habeas petition. (D.E. 1, Pages 3-4 and 8). Petitioner filed the pending action on December 2, 2014. In the instant action, Petitioner claims he received ineffective assistance of counsel in the state court proceedings because his trial counsel failed to file pretrial motions and object to evidence. (D.E. 1, Page 6). Petitioner further claims his plea of guilty was involuntary because of his lawyer's deficient performance and, despite his plea of guilty, that the evidence was insufficient to support a guilty verdict. (D.E. 1, Page 7).

## III. DISCUSSION

### A. Statute of Limitations

Rule 4 of the Rules Governing § 2254 Cases permits a district court to dismiss a habeas petition *sua sponte* as an initial matter "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." It is "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999)("In sum, even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and the district court did not err by raising the defense *sua sponte*.")(citation omitted).

Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review. 28 U.S.C. § 2244(d)(2). Petitioner filed his current petition after the effective date of AEDPA and is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997). As Petitioner did not appeal his July 26, 2012 conviction nor did he file any state post-conviction writs, the one year statute of limitations period to bring this action, pursuant to 28 U.S.C. §2244(d), expired over one year ago.

However, the one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some

extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(*citing Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id*. *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(*citing Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted). Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, or even lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

Petitioner concedes his federal petition was filed outside the limitations period but argues he is entitled to equitable tolling of the filing deadline because he was "ignorant of the law." (D.E. 1, Page 9). "Petitioner James Mason has clearly allowed the one year period to expire. The Reason(s) (*sic*) is Petitioner has received <u>No</u> formal training or education in the law or in it's (*sic*) complex issues." (D.E. 1, Page 11)(emphasis original). The pleadings do not suggest Petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Given the law as discussed above, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Further, Petitioner did not diligently pursue his rights, delaying more than one year past the deadline to pursue his federal habeas remedy and failing to seek any state law remedies. Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Plaintiff's claim is based upon evidence that was available to him at the time of sentencing or shortly thereafter. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed.

**B.** **Exhaustion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a PDR or a state application for writ of habeas corpus, to the Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006)(*citing Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). A federal habeas corpus petitioner also fails to

exhaust his state remedies when he relies on a different legal theory than presented in state court, or when he makes the same legal claim in federal court but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983).

However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2). Because this authority is discretionary, a federal court may still defer to the state courts where state consideration of an unexhausted claim would be appropriate.

The Supreme Court provides that the failure to exhaust state remedies is excused pursuant to 28 U.S.C. 2254(b)(1)(B) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam)(citation omitted).

Here, the record reflects that Petitioner did not present his claims to the Court of Criminal Appeals. He did not file a direct appeal and did not file a state application for writ of habeas corpus. Therefore, the Court of Criminal Appeals has not had an opportunity to review the claims raised in this federal petition and the interests of comity are best served in this case by Texas courts having an opportunity to consider them. *Richardson*, 762 F.2d at 430-31. Petitioner provides no sufficient reason why his failure to exhaust should be excused pursuant to § 2254(b)(1)(B). Consequently, it is

respectfully recommended that Petitioner has failed to exhaust his legal remedies in state court and his petition should be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations and exhaustion in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED** as time barred and/or as unexhausted. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted this 10th day of December, 2014.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).