UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES RICHARD MASON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-475 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING MEMORANDUM**
**AND RECOMMENDATION**

Pending before the Court is Petitioner James Richard Mason's habeas corpus petition (D.E. 1) filed pursuant to 28 U.S.C. § 2254. On December 10, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R) (D.E. 7), recommending that Petitioner's application be dismissed. This Court received Petitioner's timely-filed objections (D.E. 11) on December 22, 2014. Petitioner's objections are set out and discussed below.

First, Petitioner argues that he is not barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations because he was misled by his trial counsel into believing that there were "no appeals, petitions or applications that could be filed to attack the conviction." D.E. 10, p. 1. Petitioner makes this argument for the first time in his objection to the M&R. "Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014)

(citations omitted). The Court considers this new argument as an amendment to the pleadings.

A petitioner is entitled to equitable tolling if he shows "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 648 (2010). "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). However, an attorney's misrepresentation can present a rare and extraordinary circumstance that warrants equitable tolling if the petitioner reasonably relied on the misrepresentation. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney misled petitioner into believing that a federal habeas application had been timely filed on his behalf).

The record does not support equitable tolling of the statute of limitations in this case. Petitioner has not shown that he pursued his rights diligently even if this Court assumes that his attorney misled him. Petitioner did not file a direct appeal regarding his July 27, 2012 conviction, and he waited to file a state application for writ of habeas corpus until May 2, 2014. Petitioner has failed to explain what actions he took to learn about and pursue his rights during the almost twenty two months between his conviction and his state habeas petition. *See Covey v. Arkansas, River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

The Texas Court of Criminal Appeals denied Petitioner's habeas application on July 9, 2014.  Petitioner waited almost five months to file the pending action, and states that he "just learned" he could file a federal habeas petition.  D.E. 1, p. 9; s*ee Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.") (citations omitted); *see Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) ("We have held that state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months . . . did not exercise reasonable diligence.").  Under these circumstances, the Court finds that Petitioner did not exercise reasonable diligence to equitably toll limitations.  As a result, Petitioner's first objection is **OVERRULED**.

Petitioner also objects to the Magistrate Judge's conclusion that he failed to exhaust his state remedies.  Petitioner filed a state habeas application on May 2, 2014, which was denied on July 9, 2014.  Petitioner claims he inadvertently failed to include this information in his complaint.  Even if Petitioner exhausted his state remedies, this federal action is still time-barred.  D.E. 11, p. 2.

Petitioner did not appeal his July 26, 2012 conviction so the conviction became final on August 25, 2012—when the time for seeking direct review expired.  Tex. R. App. P. 26.2(a)(1); 28 U.S.C. § 2244(d)(1)(a).  The one-year federal habeas limitation expired on August 24, 2013, so when Petitioner filed the state habeas application on May 2, 2014, the federal habeas limitations period had already expired.  Thus, Petitioner's

state habeas application did not toll the federal habeas limitations, and this action is time-barred. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 7), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections, and **ADOPTS** the findings and conclusions of the Magistrate Judge. This action is barred by the AEDPA statute of limitations. Accordingly, this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 16th day of June, 2015.

                                                                                      _____
                                                                                      NELVA GONZALES RAMOS
                                                                                      UNITED STATES DISTRICT JUDGE